## COMPUTATION OF TIME IN APPEALS FROM JUSTICES' COURTS.

Common Pleas Court of Franklin County.

THE BALDWIN COMPANY v. A. K. ALEXANDER.

Decided, December 27, 1910.

*Appeal—Time for Perfection of, from Justices' Courts—Common Law Rule Abrogated—Sections 6705 and 4951, Revised Statutes.*

Where a judgment is rendered by a justice of the peace on the 21st day of the month, an appeal which is filed on the 31st is within time.

*Thomas & Medbury,* for plaintiff.

*H. H. McMahon,* contra.

KINKEAD, J.

A motion is made to dismiss the appeal in this case from the justice's court on the ground that the bond was not filed in time. The judgment was rendered by the justice July 21, 1909, and the appeal bond was filed July 31, 1909.

The case presents an important question of practice, concerning which there has been diversity of opinion: It is contended in support of the motion that the provision originally contained in the civil code, Section 4951 (Gen. Code ——) to the effect that in the computation of time the first day shall be excluded, and if the last fall on Sunday, it shall be excluded, does not apply in the calculation of time in appeals from the justice's court. It is urged that time in such cases as this is to be regulated by the common law rule, which *includes* the day on which judgment is rendered. Therefore, in this case the judgment having been rendered July 21st, the bond should have been filed July 30th, July 31st being too late.

The argument is grounded upon the decisions in *McLees* v. *Morrison* and *Kerr* v. *Keil.* The conclusions in both these cases were under the statute prescribing the time for filing transcripts on appeal; the question in both of them was whether the transcript could be filed on Monday when the thirtieth day from the rendition of the judgment fell on Sunday. The conclusion in both cases was that it could not. The language of the statute with reference to filing a bond varies somewhat from that providing for filing a transcript. In *McLees* v. *Morrison* it was distinctly ruled that the mode of computation prescribed by Section 597 of the civil code (Bates 4951), did not apply to proceedings before justices, even under Section 6705 of the justice's code, which made the provisions of the civil code applicable to proceedings before justice's courts so far as in their nature they may be applicable. The decision was entirely justified by the terms of Section 597 of the original code, because the mode of computation was limited exclusively to the things required to be done within a certian time by the civil code itself. Section 6705,

making the civil code provisions applicable to proceedings before justice's court could not, therefore, apply.

In the revision of 1880, however, the language of Section 4951 was materially changed, the exclusive language being discarded, providing as it does now:

"Unless otherwise specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; and if the last be on Sunday it shall be excluded."

The time within which an act is required by law to be done, as stated in the statute, no longer applies exclusively to an act required by the civil code, but *by law*—any law, in the justice's code, or any other part of the statutes. No other construction ought to be given the amended statute. The codifying commission under the power conferred upon them undoubtedly modified the language of this statute so as to make it general in its application, and thus abrogate the common law rule. Under Section 6705 making the provisions of the civil code applicable to proceedings before justices of the peace so far as their nature permits, there is no other rational conclusion than that the time within which a thing is required by law to be done in proceedings before a justice of the peace is to be governed by the provisions of 4951.

The Legislature established a general policy by 4951 in the revision of 1880. It repudiated the common law rule of computation of time as applicable to the time within which an act is required by law to be done.

There is no other provision in the civil code in its nature which can be made more applicable to proceedings before justices' courts than is Section 4951. The act of giving bond and filing transcript on appeal from a justice's court is precisely the same kind of acts as are required by the civil code. No other provision in the civil code is so appropriately applicable to proceedings before justices of the peace.

This view was taken by the Hamilton County Common Pleas. In *Meyers* v. *Lensheimer,* 5 N. P., 281, it was held that by reason of the change in language in Section 4951, by the revision of

1880, its provisions applied to proceedings before justices of the peace in respect to filing an appeal bond. Sunday was the last day, and it was excluded.

The same view was taken by the editors of Swan's Treatise, and by the Circuit Court of Hamilton County in *Bushong* v. *Graham,* 4 C. C., 138.

The universal practice no doubt has been, as expressed in the latter two authorities, in harmony with this rule. There seems to be no other rational conclusion.

I would be entirely satisfied with the action taken in sustaining the jurisdiction in this case and applying the statutory mode of computation, but for the fact that since this decision was written out counsel for appellee has placed in my hands the printed record and briefs in *Kerr* v. *Keil.* It appears that precisely the same argument was made as forms the basis of this opinion. And the Supreme Court reversed the judgment below on the authority of *McLees* v. *Morrison.*

In *Kerr* v. *Keil* the judgment was rendered on July ·5th, and the transcript was filed August 5th, which was on Monday. It is entirely clear, therefore, that to have presented the Sunday question the day ·on which judgment was rendered must have been counted as ·one day. Otherwise filing the transcript on Monday would have been in time.

The record in *McLees* v. *Morrison* not being available, I have secured the dates of rendition of the judgment and of the filing of the transcript from Muskingum county from which error was prosecuted. The judgment was rendered March 17th, and the transcript was filed April 17th. To have presented the Sunday question the day on which judgment was rendered must have been included as the first day. These two cases, therefore, clearly applied the common law rule.

But I am inclined to adhere to the conclusion in overruling the motion to dismiss, notwithstanding *Kerr* v. *Keil.* . It is an unreported case, which is a most unsatisfactory kind of a precedent in many instances. The brief for appellee states that the transcript did not include a copy of the bond, and one can not be sure what influenced the decision by the Supreme Court.

The common law rule including the day on which judgment is rendered is not consistent with the actual facts involved in computing the days nor with a proper interpretation of the language of the statute. The first day from the time a judgment is rendered as a matter of fact is not until twenty-four hours after the justice renders the judgment. To arbitrarily call the day on which the same is rendered as the first day is not in accordance with the facts. Counting the day on which judgment is rendered as one day of the ten given an appellant in which to give a bond arbitrarily deprives him of either a fraction of a day or of a whole day. Twenty-four hours from the time the judgment is rendered, considering the fractions of a day, must be on the next day after judgment is rendered. But fractions of a day are not considered in the computation of time fixed by law within which a bond is to be filed. Whole days only are to be considered.

That the position taken in this case is sound may be further demonstrated by the action taken by the recent codifying commission and the General Assembly in the passage of the General Code. But the conclusion in this case can not rest upon the revision of 1910, because the appeal bond was filed prior thereto. But the rule here adopted ought to be now established beyond question. The codifying commission have changed the location of the general provisions that were found in Bates, Sections 4947 to 4957. Formerly these provisions appeared at the beginning of the civil code and were regarded as a part thereof, because they were enacted at the time the code was enacted. As they now stand in the General Code, they have been placed before the justice's code and civil code, 4947, *et seq.*, and are now Sections 10213-10222, "Title I, Preliminary," and are followed next in order by the justice's code, the civil code appearing thereafter. By legislative action, therefore, these general preliminary provisions, including Section 4951, are now made applicable to the time within which a thing is required to be done by law in any of the courts, and it was entirely proper that this should have been done. This general policy was no doubt adopted in the revision of 1880, when the language of 4951 was changed so as to make it general in its

nature. It should be readily conceded that the time within which a step is to be taken in legal procedure is a matter of common concern to the procedure in all courts. The matter of computation of time in legal procedure under the various statutes is of such vital consequence to all courts, that it is in the interest of uniformity that the mode of computation of time prescribed by law should operate uniformly in all courts. In view of the changed language of Section 4951 in the revision of 1880, and now of its changed location by the last revision, I do not believe that the rule of interpretation of statutes found in *Allen* v. *Russell*, 39 O. S., 336, is at all applicable. It is there held that any settled rule of statutory construction which has been adopted before a general revision shall be applied to the enactment in its revised form. But this should not be done where the intention is clear, as it is, that such previous construction was changed.

The bond filed on the 31st day of July, the judgment having been rendered July 21st, was within ten days from the time the justice rendered the judgment.

The motion to dismiss the appeal is, therefore overruled.